## AMERICAN DRUG CORPORATION v. FEDERAL TRADE COMMISSION.

### No. 13064.

Circuit Court of Appeals, Eighth Circuit.

June 8, 1945.

William F. Fahey, for petitioner.

Joseph J. Smith, Jr., Asst. Chief Counsel, Federal Trade Commission, and Donovan R. Divet, Sp. Atty., Federal Trade Commission, for respondent.

Before STONE and JOHNSEN, Circuit Judges.

PER CURIAM.

On November 21, 1934, the Federal Trade Commission entered a cease and desist order against petitioner upon a complaint and an amended answer consenting to the order. No further proceedings were taken in this matter for ten years until November 27, 1944. Then an assistant chief counsel of the Commission moved, in writing, to set aside the above order and to dismiss the complaint upon which the order was entered without prejudice to the right of the Commission to institute further proceedings against petitioner. A show cause order why the motion should not be granted was issued by the Commission and petitioner filed a return opposing the motion and challenging the jurisdiction of the Commission to set aside its earlier order on the ground that it was "not in the public interest" that such order be set aside and stating the reasons for its opposition. Oral arguments were heard by the Commission in support of and in opposition to the motion and counsel for petitioner states orally to this Court that he there informed the Commission that he wished to and was pre-

pared to present evidence, which was denied. On January 17, 1945, the Commission entered an order vacating and setting aside its order of November, 1934, and dismissing the complaint without prejudice. Petitioner has filed its petition for review of this order of January 17, and the Commission has filed the present motion to dismiss the petition to review. The bases of the motion to dismiss are (a) that the Court has no jurisdiction to review this order and (b) that petitioner is in no way aggrieved by the order.

### (a) Jurisdiction.

■ The jurisdiction of this Court to review orders of the Federal Trade Commission is defined by statute, Title 15 U.S.C.A. § 45(b) and (c).

Subsection (c) gives an affected party against whom a "cease and desist" order is issued by the Commission the right to a review by the proper circuit court of appeals.

Subsection (b) provides that until the time allowed for filing a petition for review has passed or until the transcript of the record in the proceeding has been filed in the circuit court in a review proceeding, the Commission may at any time upon notice "and in such manner as it shall deem proper, modify or set aside, in whole or in part, any report or any order made or issued by it." This subsection further provides that if no petition for review has been filed within the allowable time, the Commission may, at any time, "after notice and opportunity for hearing, reopen and alter, modify, or set aside, in whole or in part, any report or order made or issued by it under this section, whenever in the opinion of the Commission conditions of fact or of law have so changed as to require such action or if the public interest shall so require." The just quoted provision as to reopening carries a proviso "that the said person, partnership, or corporation may, within sixty days after service upon him or it of said report or order entered after such a reopening, obtain a review thereof in the appropriate circuit court of appeals of the United States, in the manner provided in subsection (c) of this section."

The just quoted proviso seems to settle the right of this petitioner to file a petition for review. Here no petition for review had been filed to the order of 1934 and the time for such filing had long expired. In this situation the statute clearly gives the Commission the power at any time to "reopen and alter, modify, or set aside, in whole or in part, any report or order made or issued by it under this section." However, the sentence governs such action by the Commission in two respects: (1) it requires the opinion of the Commission as to changed conditions of fact or law or the opinion of the Commission that the public interest requires the exercise of such power; and (2) it requires that the exercise of such power be only "after notice and opportunity for hearing." Acting under these conditions and limitations, the Commission may reach any result it deems proper. Among these specifically authorized results are to "set aside, in whole or in part, any report or order made or issued by it under this section." What the Commission has done here is to set aside in whole the order made by it in 1934. Whether it took that action because of changed conditions of fact or law or because the public interest so required is not revealed in the papers now before the Court. But whatever may have prompted its action, the before quoted proviso expressly gives the right of review to the petitioner from this "order entered after such a reopening."

Obviously, changed conditions of fact or of law may be contestable issues. No less true is the issue of whether such action is required by "the public interest." Federal Trade Commission v. Klesner, 280 U.S. 19, 23, 27, 30, 50 S.Ct. 1, 2, 74 L.Ed. 138, 68 A.L.R. 838.

American Chain & Cable Co. v. Federal Trade Commission, 4 Cir., 142 F.2d 909, 912, 913, holds that, when no petition for review has been filed to the original order within the allowable time, such order is thereafter subject to "modification" under this subsection and that such modifying order is subject to review. The wording of the subsection makes no difference, as to right of review, between such a modification of an order and a setting aside in whole of such order—both are expressed in the statute.

### (b) Petitioner Aggrieved.

■ Whether the petitioner is aggrieved by this order depends upon the merits of the controversy and is not open to us upon this motion to dismiss.

The present motion should therefore be denied.