**TAYLOR v. McGRATH, Atty. Gen. et al.**
No. 11110.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 3, 1951.

Decided Feb. 7, 1952.

Robert L. Heald, Washington, D. C. (appointed by this Court) for appellant.

Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., with whom George Morris Fay, U. S. Atty. at the time the brief was filed, and Joseph F. Goetten,

Asst. U. S. Atty., Washington, D. C., were on the brief, for appellees. Charles M. Irelan, Washington, D. C., U. S. Atty. at the time of argument, also entered an appearance on behalf of appellees.

Before EDGERTON, PROCTOR, and BAZELON, Circuit Judges.

PER CURIAM.

This appeal is from a final order of the District Court dismissing a complaint for damages grounded upon alleged conspiratorial acts of the defendants in their official capacities causing transfer and imprisonment of plaintiff (appellant here) from a penitentiary, where he was serving sentence for a federal offense, to the Medical Center for Federal Prisoners at Springfield, Missouri.

Appellant contends that the acts of the Attorney General and his subordinate officers were illegal in that examination and report of a medical board, as provided by 18 U.S.C. § 4241 (Supp. IV, 1951)[1] were absolute prerequisites to the transfer and detention at Springfield. Appellees assert that transfer of the prisoner was legally within their official control under 18 U.S.C. § 4082 (Supp. IV, 1951),[2] empowering the Attorney General to designate places of confinement, and 18 U.S.C. §§ 4041, 4042 (Supp. IV, 1951),[3] covering the authority

1. 18 U.S.C. § 4241 (Supp. IV, 1951).

"A board of examiners for each Federal penal and correctional institution shall consist of (1) a medical officer appointed by the warden or superintendent of the institution; (2) a medical officer appointed by the Attorney General; and (3) a competent expert in mental diseases appointed by the Surgeon General of the United States Public Health Service.

"Such board shall examine any inmate of the institution alleged to be insane or of unsound mind or otherwise defective and report their findings and the facts on which they are based to the Attorney General.

"The Attorney General, upon receiving such report, may direct the warden or superintendent or other official having custody of the prisoner to cause such prisoner to be removed to the United States hospital for defective delinquents or to any other institution authorized by law to receive insane persons charged with or convicted of offenses against the United States, there to be kept until, in the judgment of the superintendent of said hospital, the prisoner shall be restored to sanity or health or until the maximum sentence, without deduction for good time or commutation of sentence, shall have been served. (June 25, 1948, ch. 645, § 1, 62 Stat. 855, eff. Sept. 1, 1948.)"

2. 18 U.S.C. § 4082 (Supp. IV, 1951).

"Persons convicted of an offense against the United States shall be committed, for such terms of imprisonment as the court may direct, to the custody of the Attorney General of the United States or his authorized representative, who shall designate the places of confinement where the sentences shall be served.

"The Attorney General may designate any available, suitable, and appropriate institutions, whether maintained by the Federal Government or otherwise, or whether within or without the judicial district in which the person was convicted.

"The Attorney General may order any inmate transferred from one institution to another. * * * (June 25, 1948, ch. 645, § 1, 62 Stat. 850, eff. Sept. 1, 1948.)"

3. 18 U.S.C.A. § 4041 (Supp. IV, 1951). "The Bureau of Prisons shall be in charge of a director appointed by and serving directly under the Attorney General at a salary of $14,000 a year. The Attorney General may appoint such additional officers and employees as he deems necessary. (June 25, 1948, ch. 645, § 1, 62 Stat. 849, eff. Sept. 1, 1948, amended Oct. 15, 1949, ch. 695, § 6(a), 63 Stat. 881.)"

18 U.S.C. § 4042 (Supp. IV, 1951).

"The Bureau of Prisons, under the direction of the Attorney General, shall—

"(1) have charge of the management and regulation of all Federal penal and correctional institutions;

"(2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;

"(3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States.

"This section shall not apply to military or naval penal or correctional institutions or the persons confined therein. (June 25, 1948, ch. 645, § 1, 62 Stat. 849, eff. Sept. 1, 1948.)"

and duty of the Attorney General and his subordinate officers in the management and regulation of penal institutions. They also insist that if they did erroneously construe and apply the foregoing statutes, they are nevertheless immune from personal liability in damages.

We agree with the latter contention. Lang v. Wood, 67 App.D.C. 287, 92 F.2d 211, certiorari denied, 1937, 302 U.S. 686, 58 S.Ct. 48, 82 L.Ed. 530, and cases cited. See also Laughlin v. Rosenman, 1947, 82 U. S.App.D.C. 164, 163 F.2d 838. In view of this conclusion it is unnecessary to deal with the first contention.

Affirmed.