209 F.Supp. 295 (1962)
LOCAL UNION NO. 112, INTERNATIONAL UNION ALLIED INDUSTRIAL WORKERS OF AMERICA, AFL-CIO, Plaintiff,
v.
Stuart ROTHMAN, General Counsel of the National Labor Relations Board, Frank W. McCulloch, Chairman; and Philip Ray Rodgers, Boyd Leedom, John H. Fanning and Gerald A. Brown, Members, National Labor Relations Board, Defendants.
Civ. A. No. 929-62.
United States District Court District of Columbia.
October 9, 1962.
David Previant, Milwaukee, Wis., for plaintiff; Herbert S. Thatcher, Washington, D. C., of counsel.
Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., for defendants.
LEONARD P. WALSH, District Judge.
This matter comes before the Court on the motions of Defendants for dismissal of the complaint, or, in the alternative, for summary judgment; and on the motion of Plaintiff for summary judgment.
Plaintiff, Local Union No. 112, with headquarters in Cincinnati, by its complaint seeks injunctive relief and asks the Court for an order directing the General Counsel of the National Labor Relations Board, and the Board, to proceed to hear amended complaints issued in two cases.
Briefly, the undisputed facts are as follows:
Two complaints were issued by the General Counsel against the Ficks Reed Company, with notice that a hearing would be held, the plaintiff herein, Local 112, being the charging party. The first complaint, designated as 9 CA 2232, was issued January 6, 1961; and the second complaint, designated 9 CA 2251, was issued January 19, 1961. Thereafter negotiations toward settlement of the complaints took place between the Regional Counsel, representing the NLRB, and the Ficks Reed Company, in which the charging party took no part. On *296 February 2, 1961, Local 112 was informed of a proposed settlement, at which time it filed written objections to the proposed settlement with the Regional Director. On February 23, 1961, the Regional Director's Office forwarded executed copies of the settlement agreement to Local 112. That same day, Local 112 filed a petition and motion with the General Counsel, seeking to prohibit the Regional Director from entering into the proposed settlement over the objections of Local 112, and to take the necessary steps to bring the case on for hearing. Identical petitions and motions were also filed with the Board and with the Chief Trial Examiner of the Board. The settlement agreement was thereafter signed by the Regional Director, Local 112 refusing to sign it, and on March 3, 1961, the Regional Director dismissed the Plaintiff's charges not covered by the settlement agreement. The Plaintiff appealed the decision of the Regional Director to the General Counsel by letter of March 9, 1961. On April 6, 1961, the General Counsel sustained the ruling of the Regional Director, without granting the Plaintiff an opportunity for the submission of facts and argument. No Board order was entered. On May 1, 1961, the General Counsel notified Plaintiff that the motions filed with the Board on February 23, 1961, had been referred to the General Counsel by the Chairman of the NLRB, and reiterated that he had sustained the Regional Director's acceptance of the settlement agreement.
Plaintiff herein, Local 112, alleges that the action of the General Counsel in sustaining the ruling of the Regional Director, and the action of the Board in its refusal to grant the petition and motion of Plaintiff to prohibit the Regional Director from entering into a settlement agreement, over objections of the charging party, and the refusal of the Board to bring the cases on for hearing, were arbitrary and capricious and in violation of the provisions of Title 5 U.S.C.A. § 1004(b) and § 1005(a), of Title 29 U.S. C.A. § 160, and of Sections 101.9, 101.10 and 102.38, Series 8 of the Rules and Regulations and States of Procedure of the NLRB.
Defendants argue, first, that this Court has no jurisdiction over the NLRB or its individual members since Section 10(f) of the National Labor Relations Act gives the Courts of Appeal exclusive jurisdiction with respect to such proceedings. Going further, the Defendants argue that since the instant proceeding does not involve a Board action, this Court is without jurisdiction over the Board or its individual members, and therefore the complaint as to them, the Board, should be dismissed.
Second, defendants argue that the General Counsel, by virtue of Section 3(d) of the Act, 29 U.S.C.A. § 153(d), has broad discretion with respect to the institution and prosecution of unfair labor practice proceedings and that his discretion is not reviewable.
The instant case is a civil action, filed in the District Court under Title 28 U.S. C. § 1337, which provides:
"The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies. June 25, 1948, c. 646, 62 Stat. 931."
In Capital Service, Inc. et al. v. N. L. R. B. (1954), 347 U.S. 501, 74 S.Ct. 699, 98 L.Ed. 887, the Court held that 28 U. S.C. § 1337 gives the District Court jurisdiction in civil actions or proceedings under the National Labor Relations Act. The Supreme Court said:
"The District Court had jurisdiction of the subject matter, because this is a `civil action or proceeding' arising under an Act of Congress `regulating commerce.' 28 U.S.C. § 1337. The National Labor Relations Act is a law `regulating commerce' (National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1 [14] [, 57 S.Ct. 615, 81 L.Ed. 893])." (p. 504, 74 S.Ct. p. 702).
*297 The Plaintiff herein (the charging party), seeking relief before the Board under the National Labor Relations Act, comes to this Court alleging a violation of its rights under the Act. In such a situation there can be no question as to this Court's jurisdiction to hear his plea. Certainly, if Congress in its wisdom could see the need for a right of review from a decision entered by the National Labor Relations Board, as provided in section 10(f) of the Act, it is difficult to understand how the Defendants can argue that a decision of the General Counsel, as in the instant case, is not reviewable. This Court finds jurisdiction conferred by 28 U.S.C. § 1337.
Moving to the merits of this case, the sole question to be determined by this Court is whether or not a charging party has the right to be heard on its objections when the General Counsel, after issuance of a complaint on behalf of the Board, intends to enter into a settlement agreement with the respondent. The Court will not concern itself with the merits of the charges in the complaints issued by the General Counsel or the virtue of the settlement.
Section 3(d) of the Act, as amended September 14, 1959, 29 U.S.C.A. § 153 (d), reads:
"There shall be a General Counsel of the Board who shall be appointed by the President, by and with the advice and consent of the Senate, for a term of four years. The General Counsel of the Board shall exercise general supervision over all attorneys employed by the Board (other than trial examiners and legal assistants to the Board members) and over the officers and employees in the regional offices. He shall have final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints under section 160 of this title, and in respect of the prosecution of such complaints before the Board, and shall have such other duties as the Board may prescribe or as may be provided by law. * * *" (emphasis supplied)
Clearly the General Counsel has broad and sole authority and discretion "on behalf of the Board, in respect of the investigation of charges and issuance of complaints, * * * and in respect of the prosecution of such complaints before the Board * * *". Defendants' counsel, however, would urge upon this Court that a reading of section 3(d) visions implied authority to the General Counsel to settle complaints after issuance of a complaint and in the absence of a hearing and without consent of the charging party.
A reading of the statute indicates that Congress took pains to specifically enumerate the authority it wished to invest in the General Counsel; had Congress intended further authority, that is, to settle complaints after their issuance, it would certainly have said so. Congress, on the other hand, did specifically say that the General Counsel would prosecute such complaints before the Board.
Going further, section 3(d) recites that the General Counsel "shall have such other duties as the Board may prescribe." In the light of this language, section 101.9 of the regulations promulgated by the Board bears mentioning:
"Settlement after issuance of complaints. (a) Even though formal proceedings have begun, the parties again have full opportunity at every stage to dispose of the case by amicable adjustment and in compliance with the law. Thus, after the complaint has been issued and a hearing scheduled or even begun, the attorney in charge of the case and the Regional Director shall afford all parties every opportunity for the submission and consideration of facts, arguments, offers of settlement, or proposals of adjustment * * *". (emphasis supplied)
Thus even the Board's own regulations recite a limitation on the authority to settle after the issuance of a complaint. Specifically the regulation provides that *298 "the parties * * * by amicable adjustment * * *" may settle after the issuance of a complaint. What is meant by "amicable adjustment" needs no explanation and certainly there is no doubt that the charging party is among "the parties" referred to in section 101.9 of the regulations. Section 102.8 defines the word "party" as used in the regulations as "* * * including without limitation, any person filing a charge or petition under the act * * *".
What would therefore appear from a reading of section 3(d) of the Act and sections 101.9 and 102.8 of the regulations, is that neither Congress nor the Board, by any statute or regulation, placed within the hands of the General Counsel the authority to settle complaints after their issuance absent the agreement of all parties, which, of course, is not the situation in the instant case.
This would be even more certain in a case such as the instant case, where not only was a hearing denied, but the charging party did not agree to the settlement.
Recently the Court of Appeals for the District of Columbia Circuit in two cases discussed the question of a charging party's right to a hearing once a complaint has issued on behalf of the Board. Each of these cases differs factually from the instant case, in that each involved an appeal from an order entered by the Board. There is, of course, no Board order in the instant case.
In International Union of Electrical Radio and Machine Workers, AFL-CIO v. N. L. R. B. (1960), 110 U.S.App.D.C. 91, 289 F.2d 757, the Court made reference to a charging party's right to a hearing once a complaint has issued on behalf of the Board. However, this Court will consider that case only in light of Judge Fahy's opinion in Textile Workers of America, AFL-CIO v. N. L. R. B. (1961), 111 U.S.App.D.C. 109, 294 F.2d 738. In speaking for a unanimous division of that Court, Judge Fahy said:
"In Marine Engineers' Beneficial Ass'n v. N. L. R. B., 3 Cir., 1953, 202 F.2d 546, certiorari denied 346 U.S. 819, 74 S.Ct. 32, 98 L.Ed. 345, it is held that once the Board has issued its complaint the charging party is entitled to a hearing as to whether the Board should conclude the proceeding  on the basis of a stipulation for a consent order. The opinion analyzes the status of the charging party under the Labor Act and the rules of the Board and rests in part also upon the provisions of the Administrative Procedure Act. Cf. International Union of Electrical Workers v. N. L. R. B., 110 U.S.App. D.C. 91, 289 F.2d 757.

"We are disinclined to bring the present case within the broad scope, as it seems to us, of Marine Engineers and hold that because it was the charging party the Union, without more, was entitled to the hearing it sought." (emphasis supplied)
In the Textile Worker's case, as in the instant case, the General Counsel entered into a settlement agreement over the objections of the charging party, who requested and was refused a hearing. The Board entered an order reciting "* * * The objections and request for a hearing are denied as lacking in merit." With respect to the regulations of the Board concerning the rights of a charging party after issuance of a complaint, the Court stated:
"Yet something clear and relevant does appear from the present rules, namely, that the charging party, even though he may not veto a settlement, is given the opportunity for submission of facts and argument, and is recognized as having a substantial part in assisting the Board in fulfilling its public responsibilities." (emphasis supplied)
Going further and deciding the case and remanding it back to the Board, the Court said:
"In this situation, and limiting ourselves to the circumstances of this case, we are of opinion the order *299 cannot stand without either (1) a reasonable opportunity for the Union to be heard on its objections or (2) a presentation on the record of reasons for acceptance of the stipulation as the basis for the order notwithstanding the Union's objections  a presentation which in light of those objections would enable a reviewing court to make an intelligent decision as to whether the Board's action was within the broad discretion we recognize the Board possesses."
In the instant case, as in the Textile Workers case, supra, no reason is given for the denial of a hearing. Why the Board did not review the appeal made to it on February 23, 1961 by Local 112, choosing to refer it to the General Counsel for action, is not made clear by the record before the Court. The one thing made clear by the record is that the General Counsel, after the issuance of a complaint on behalf of the Board, entered into a settlement agreement with the respondent over the objections of the charging party; and the charging party was denied a requested hearing, no reason having been given for the denial. This the General Counsel cannot do. This would appear to be conclusively shown by the opinion of the Circuit Court in the Textile Workers case, in holding that the Board is obliged to afford a charging party opportunity to be heard, or in the alternative, that reason be stated. Certainly, if the Board is so obligated, the General Counsel is likewise obligated.
Without more, this Court, on the basis of the record before it, finds that plaintiff is entitled to the relief sought. The Court therefore:
(1) denies the motions of defendants to dismiss, or in the alternative for summary judgment; and
(2) grants the plaintiff's motion for summary judgment.
Counsel is directed to prepare an appropriate order.