INDIANA & MICHIGAN ELECTRIC COMPANY, Plaintiff,

v.

FEDERAL POWER COMMISSION, Joseph C. Swidler, Howard Morgan, Lawrence J. O'Connor, Jr., Charles R. Ross, and Harold C. Woodward, Defendants.

Civ. No. 1476.

United States District Court
N. D. Indiana,
Fort Wayne Division.

Nov. 29, 1963.

Gilmore S. Haynie, Fort Wayne, Ind., Richard M. Dicke, New York City, for plaintiff.

Israel Convisser, Washington, D. C., Alfred W. Moellering, U. S. Atty., Fort Wayne, Ind., for defendants.

ESCHBACH, District Judge.

The instant action was commenced in this court by the filing of a complaint in which the plaintiff seeks judgment directing the Federal Power Commission (hereinafter called the Commission) to issue subpoenas duces tecum and ad testificandum previously denied by the Commission in a proceeding before it. Plaintiff further seeks the issuance of an injunction enjoining the Commission or its agents from taking any further action in a proceeding entitled "In the Matter of Indiana and Michigan Electric Company," FPC Docket No. E7089, pending a final determination of the issues in the cause in this court. The action is presently before this court upon the motion to dismiss filed by the defendants, which, in substance, contends that the complaint should be dismissed because the plaintiff has failed to exhaust its administrative remedies and, in addition, that the complaint fails to state a cause of action for mandamus or injunction.

On April 16, 1963, the Federal Power Commission initiated an adversary proceeding, through which it alleged, in essence, that plaintiff's sales at wholesale for resale of electric energy to 25 named purchasers and sales at wholesale in interstate commerce subject the plaintiff herein (respondent in the FPC proceeding) to the jurisdiction of the Commission, pursuant to the provisions of the Federal Power Act, Title 16, U.S.C. §§ 824 et seq. The Commission's order, in substance, directed the plaintiff to show cause why the Commission should not find and determine that plaintiff is a public utility within the meaning of the Federal Power Act, and that plaintiff is and has been violating § 205 of the Federal Power Act, Title 16, U.S.C. § 824d, which requires certain public utilities to file with the Commission rates for the sale of electric energy at wholesale in interstate commerce.

From the pleadings, briefs, and exhibits before this Court, it appears that plaintiff has for more than 25 years engaged in generating, purchasing, and transmitting electric energy, in supplying electric energy to other electric utility companies and in local distribution and sale of electric energy, as a public utility in the states of Indiana and Michigan. This activity has been conducted under the regulatory supervision of the Public Service Commissions of the states of Indiana and Michigan. During this extended period, the Commission neither regulated nor attempted to regulate or challenge this supervision by the States until the present proceeding before the Commission. On May 3, 1963, the plaintiff in this action filed answer in response to the Commission's order of April 16, 1963. The commencement of the hearing on the issues so joined before the Commission was delayed to permit the Commission's staff to undertake substantial prehearing discovery. Following exhaustive discovery of the plaintiff's records and data, the Commission directed plaintiff's parent corporation, American Electric Power Company, Inc., and six operating subsidiaries to permit inspection of and to produce additional voluminous documentary evidence. On July 23, 1963, the Commission denied applications of the plaintiff for the issuance of subpoenas duces tecum and ad testificandum. In the order denying plaintiff's application, the Commission recognized the plaintiff's right to apply to the Examiner for the production of documents during the course of the Commission proceeding. In accordance with the obvious invitation of the Commission, the plaintiff addressed a motion to the Examiner on July 29, 1963 for an order granting the issuance of the subpoenas previously sought in the application to the Commission. The motion addressed to the Examiner was opposed by the Commission's staff, which alleged that the Examiner did not have authority to overrule the Commission, and the Examiner denied plaintiff's motion on August 9, 1963. Whatever the reason for the Examiner's mis-

understanding, it has resulted in a complete and effective denial of any prehearing discovery for the plaintiff in the Commission proceeding.

While it is not within the scope of the issues now before this Court to review a discretionary order of the Commission, the inequities presented by the Commission's rulings on matters of discovery are perhaps best understood by the following example:

> In the hearing before the Examiner on October 14, 1963, the Examiner granted a request by the Commission's staff for, among other things, "a general order of investigation authorizing the staff to obtain such documents *as they find necessary* in the files of Indiana and Michigan Electric Company and affiliated companies." (Emphasis added)

> On October 18, 1963, the Examiner denied plaintiff's request for subpoena requiring production of documentary evidence relating to the engineering studies or other supporting written data upon which the Commission made its decision to publish a document issued in July 1963 containing a list of public utility companies (including plaintiff) which the Commission indicated it had, on the basis of available information, classified as public utilities under the Federal Power Act.

Plaintiff contends that this court has original jurisdiction of the issues in the instant matter by reason of § 1361, Title 28, U.S.C., which provides in part as follows:

> "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

In addition, plaintiff specifically contends that it is the duty of the Commission and its members to provide for the reasonable production of documents, data, or other information requested by plaintiff's applications to the Commission. In support of the duty so defined by plaintiff, plaintiff cites § 307 of the Federal Power Act, 16 U.S.C. § 825f, which provides, in substance, that for the purpose of any investigation or other proceeding, any member of the Commission or officer designated by it is empowered to subpoena witnesses, compel their attendance, take evidence, and require the production of books, papers, etc., among other things. The Act further provides that the testimony of any witness "may" be taken at the instance of a party. That the Commission has such powers cannot be disputed, but that it has a duty to exercise them in a particular manner as plaintiff contends is quite another matter.

Plaintiff further contends that its theory of defendant's duty in the instant action is confirmed by the Administrative Procedure Act, Title 5, U.S.C. §§ 1001 et seq. Section 12 of the Act (5 U.S.C. § 1011) provides in part as follows:

> " * * * Except as otherwise required by law, all requirements or privileges relating to evidence or procedure shall apply equally to agencies and persons. * * * "

In addition, § 6(c) of the Administrative Procedure Act (5 U.S.C. § 1005(c)) provides in pertinent part as follows:

> "Agency subpenas authorized by law shall be issued to any party upon request and, as may be required by rules of procedure, *upon a statement or showing of general relevance and reasonable scope of the evidence sought. * * *"* (Emphasis added)

■ The clear intention of Congress was to grant to parties appearing in administrative proceedings the "same access" to subpoena as that available to the agency staff involved. S.Rep. No. 752, 79th Cong., 1st Sess. 29 (1945); H.R. Rep. No. 1980, 79th Cong., 2d Sess. 74 (1946).

■ However, determining the intention of Congress in regard to § 1361, supra, upon which plaintiff bases the jurisdiction of this court, is more en-

lightening. The legislative history of the statute in question (28 U.S.C. § 1361) indicates that Congress intended to grant jurisdiction to the district courts to issue orders compelling Government officials to perform their duties and *to make* decisions in matters involving the exercise of discretion, but *not* to direct or influence the exercise of discretion of the officer or agency in the making of the decision. S.Rep. No. 1992, 87th Cong., 2d Sess. (1962), 2 U.S.Code Cong. & Ad. News p. 2784, 87th Cong., 2d Sess. (1962). More specifically, the Senate Report stated in part:

> "The Department of Justice in its report on the bill expressed concern that the bill might be interpreted to give the district courts jurisdiction to order a Government official to act in a manner contrary to his discretion. The committee, therefore, has adopted the amendment set forth to section 1 which specifies that the court can only compel the official or agency to act where there is a duty, which the committee construes as an obligation, to act or, where the official or agency has failed to make any decision in a matter involving the exercise of discretion, *but only to order that a decision be made and with no control over the substance of the decision.*" (Emphasis added) Senate Report No. 1992, supra.

Plaintiff allegedly brings this action to enforce a duty owed plaintiff. However, if this court accepted plaintiff's definition of the duty here involved, such construction would grant authority to district courts to review decisions made by the Commission in the exercise of its discretion or as the Senate Committee characterized it—control the "substance" of the decision. However, Congress has seen fit to place appellate jurisdiction over decisions and orders of the Commission in the respective Courts of Appeals of the United States. Section 313(b) of the Federal Power Act provides in part as follows:

> "(b) Any party to a proceeding under this Act aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the United States Court of Appeals for any circuit * * * by filing in such court, within sixty days after the order of the Commission upon application for rehearing, a written petition praying that the order of the Commission be modified or set aside in whole or in part."

The Supreme Court has referred to this section as a "distinctive formulation of the conditions under which resort to the courts may be made." Federal Power Commission v. Pacific Power & Light Co., 307 U.S. 156, 159, 59 S.Ct. 766, 767–768, 83 L.Ed. 1180 (1939). On review, as provided in the Federal Power Act, any procedural errors infecting the Commission's final order with invalidity may be reviewed. Humble Oil & Refining Company v. Federal Power Commission, 236 F.2d 819 (5th Cir. 1956), cert. denied, 352 U.S. 967, 77 S.Ct. 354, 1 L.Ed.2d 321 (1957). That this includes the denial of a subpoena seems clear. Virginia Petroleum Jobbers Association v. Federal Power Commission, 110 U.S.App.D.C. 339, 293 F.2d 527 (1961), cert. denied, 368 U.S. 979, 82 S.Ct. 477, 7 L.Ed.2d 441 (1962). Generally, interlocutory orders are not subject to immediate review, and the right to obtain review thereof is not prejudiced by failure to appeal prior to final disposition by the Commission. Texaco, Inc. v. Federal Power Commission, 32 U.S.L. Week 2194 (C.A.D.C. Oct. 17, 1963), Federal Power Commission v. Metropolitan Edison Co., 304 U.S. 375, 58 S.Ct 963, 82 L.Ed. 1408 (1938). And this extends to an order to a party to go forward with the presentation of evidence which could be as prejudicial at trial as the denial of prehearing discovery. United Gas Pipe Line Co. v. Federal Power Commission, 206 F.2d 842 (3d Cir. 1953). It therefore seems clear that the duty anticipated by § 1361 of Title 28 of the United States Code is something less than the power to review interlocutory orders of the Commission or control the substance of its orders.

In the instant case, the Commission clearly had a duty to rule on Plaintiff's request for subpoenas and other discovery matter. Had the Commission failed or refused to rule on plaintiff's request, it seems clear that a duty owed the plaintiff would have been breached. 28 U.S.C. § 1361. However, in the instant case, the Commission did rule, but it exercised its discretion in a manner which plaintiff contends was arbitrary and capricious. Even if this be true, once the Commission has "acted" it has fulfilled its duty to plaintiff under § 1361. If plaintiff has been denied the orderly procedures required by standards of due process and has thereby been prejudiced, then the final order of the Commission may be set aside by the United States Court of Appeals upon review. Obviously, if the final order of the Commission is favorable to plaintiff, there is no harm or prejudice to plaintiff resulting from the Commission's interlocutory orders pertaining to discovery. The duty imposed upon the Commission, as that term is used in § 1361 of Title 28, United States Code, is the duty to rule when clearly required by law to do so, but the nature and propriety of the ruling becomes a discretionary matter, and it is not within the jurisdiction of this court to review discretionary rulings or orders of the Commission. These are matters reserved to the Courts of Appeals at the appropriate time. At the conclusion of the present Commission hearings, plaintiff herein may file a petition for rehearing with the Commission and thereafter may appeal the order of the Commission in accordance with the Federal Power Act. Until the petition for rehearing is denied by the Commission, plaintiff has not exhausted its administrative remedies. Section 313(b), Federal Power Act. The Senate Committee specifically stated that it had no intention to affect the doctrine of exhaustion of administrative remedies when it approved Section 1361, the Act under which plaintiff proceeds in this court. Senate Report No. 1992, supra. To construe the statutes here involved as plaintiff contends would vest this court with jurisdiction to review all interlocutory orders of the Commission. Clearly, this court has no such review jurisdiction over the orders of the Commission, and the plaintiff should be required to exhaust its administrative remedies and thereafter to seek appellate review in the proper forum as designated by Congress for that purpose. It is by this means that plaintiff may test the propriety of the Commission's orders and the exercise of its discretion.

In so holding, this Court is not unmindful of the fact that the record in the instant case constitutes an alarming example of how a private litigant before an administrative agency may be denied the opportunity to pursue the orderly procedures so vital to our traditional notions of fair play. Contentions advanced by counsel for the Commission throughout the hearings in this cause afford this Court no nourishment to hold as we must. Counsel for the Commission contended that the plaintiff did not specifically designate the various documents sought. It would be strange, indeed, if the plaintiff could designate the dates and authors of the various engineering reports which it has never been given an opportunity to examine. Likewise, the possibility of permitting restricted discovery on the day of trial affords the experienced trial practitioner no effective remedy at all. This is especially true where much of the data sought consists of long and detailed engineering and rate studies. Nevertheless, we are not free to innovate at pleasure in pursuit of our own ideals respecting justice and fair play. The confidence of this Court in our system of justice assures us that if plaintiff in the last analysis is prejudiced by any denial of due process resulting from the Commission's orders, appropriate relief will be provided at the correct time in the proper forum.

This Court has no alternative but to grant, and it does hereby grant, the motion of the defendant to dismiss plaintiff's complaint.

Plaintiff's complaint is now dismissed.