The **ELMO DIVISION OF DRIVE-X COMPANY, Inc., et al.,**
Appellants,

**v.**

**Paul Rand DIXON, The Federal Trade Commission, et al., Appellees.**

**No. 18559.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 24, 1964.

Decided Feb. 11, 1965.

Petition for Rehearing En Banc
Denied May 6, 1965.

---

3. Other witnesses had identified this as the stolen car, and this car was found dismantled in Virginia.

Mr. Geo. Stephen Leonard, Washington, D. C., for appellants. Mr. Richard L. Hirshberg, Washington, D. C., also entered an appearance for appellants.

Mr. David Epstein, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Miss Sylvia A. Bacon, Asst. U. S. Attys., were on the brief, for appellees. Mr. Harold D. Rhynedance, Jr., Atty., Federal Trade Commission, also entered an appearance for appellees.

Before PRETTYMAN, Senior Circuit Judge, and FAHY and BURGER, Circuit Judges.

PER CURIAM:

■ Appellant sought declaratory and injunctive relief to stop the Federal Trade Commission from continuing with a complaint proceeding on the ground that a consent decree in an earlier proceeding requires the Commission to proceed by way of reopening that case. The District Court dismissed for want of jurisdiction; we must accordingly assume, for the purposes of the appeal, the truth of facts well pleaded. They are essentially the following: that appellant at all relevant times advertised and sold proprietary medicines; that in 1952 the Commission and appellant's predecessor in interest entered into a consent settlement with respect to certain advertising practices the Commission found objectionable; that the settlement of that complaint proceeding provided that it could be set aside "in whole or in part under the conditions and in the manner provided in paragraph (f) of Rule V of the Commission's Rules of Practice; that Rule V provided for a reopening procedure whereby the Commission could set aside the consent settlement or any severable part thereof on finding a change of law or fact or that the public interest so required, and could *thereafter* undertake corrective action by adversary proceedings under the original or a new complaint as to any acts or practices not prohibited by any remaining provisions of the settlement; that the Commission over appellant's objections has sidestepped the stipulated reopening procedure and instituted a new complaint dealing with substantially the same matters covered by the consent decree; that the Commission's actions have caused and will cause substantial prejudice to appellant in its business and reputation, would subject it to full scale trial twice upon the same charges and would constitute a continuing forfeiture of its property resulting in irreparable injury; that appellant has exhausted its administrative remedies, since no order has been issued by the Commission which is appealable directly to the Court of Appeals.[1]

■ We hold that this complaint states a claim for relief and that the action is within the subject-matter jurisdiction of the District Court.

■ Statutory provisions concerning review of agency action by the Courts of Appeals do not in and of themselves, as the dissent seems to imply, preclude District Court jurisdiction. A. F. of L. v. NLRB, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347 (1940), makes this clear. There the Supreme Court held Wagner Act provisions for Court of Appeals review foreclosed appellate review of §

---

1. Compare American Drug Corp. v. FTC, 149 F.2d 608 (8th Cir. 1945), remanded to the Commission, 160 F.2d 103 (1947), holding that a Court of Appeals has jurisdiction to review an *order* of the FTC *setting aside* a consent order without the hearing contemplated by 15 U.S.C. § 45 (b), discussed *infra*. Here, in contrast, the Commission has entered no order purporting to set aside the existing consent order. See also n. 7 *infra*.

9(c) certifications except as incidental to review of orders restraining unfair labor practices. The Court went on to point out that whether District Courts could "review" certification proceedings was another question entirely, a question which was later resolved in Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L. Ed.2d 210 (1958), discussed *infra.*

The question we must resolve under A. F. of L. v. NLRB, supra, is thus whether Congress intended to foreclose District Court jurisdiction in the present case, given that its provision for Court of Appeals review does not per se preclude all District Court jurisdiction. Absent any clear directive in the statute itself or in the legislative history, it would seem necessary to decide this question on principle and by analogy to previous cases.

So proceeding, we see no reason to bar District Court jurisdiction here, for relief in that court is appellant's only effective remedy, as we will demonstrate. The prospect of ultimate appellate review of any final order issuing out of the new complaint proceeding is not adequate. The type of procedural error appellant asserts is not of a kind which affects the Commission's substantive findings; no one suggests that the Commission's complaint procedure is *unreliable* as a fact-finding mechanism. The dissent concedes that the propriety of the Commission's choice of procedure is not per se unsuited for judicial review. Once the feasibility of review is admitted, our inquiry should be directed to the appropriate *time* for such review.

Appellant does not seek review of any substantive determination made by the Commission; on the contrary, appellant concedes the Commission's right initially to pass on the legality of appellant's practices. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938), is thus not in point. In *Myers,* the petitioner had sought an injunction against an NLRB hearing claiming the Board lacked jurisdiction because the employer's business did not affect interstate commerce. In order for the District Court to grant the relief petitioner sought it would have had to determine an issue allocated for initial determination to the agency. The Supreme Court observed that to allow the petitioner's suit would "in effect substitute the District Court for the Board as the tribunal to hear and determine what Congress declared the Board exclusively should hear and determine in the first instance." *Id.* at 50, 58 S.Ct. at 463. Appellant here, unlike the petitioner in *Myers,* objects not to the fact of the Commission's making an initial substantive determination but rather to the process by which it has chosen to do so. And there would seem to be no such basis here to defer to any *procedural* "expertise" the Commission may have as there was to defer to the Labor Board's ability to decide what "affects interstate commerce" in *Myers.*

We see no ground on which we can distinguish the present case from B. F. Goodrich Co. v. FTC, 93 U.S.App.D.C. 50, 208 F.2d 829 (1953), appeal after remand, 100 U.S.App.D.C. 58, 242 F.2d 31 (1957). That case sustained the jurisdiction of the District Court to enjoin enforcement of the Commission's Quantity-Limit Rule 203–1 on the ground that the Commission had promulgated the rule without first making the findings on which Congress had expressly conditioned its statutory grant of authority to make such rules.[2] *Cf.* Leedom v. Kyne, 101 U. S.App.D.C. 398, 249 F.2d 490 (1957), aff'd, 358 U.S. 184, 79 S.Ct. 180, 3 L. Ed.2d 210 (1958) (District Court has jurisdiction where Board violates express condition of its authority to determine appropriate bargaining units); Skinner & Eddy Corp. v. United States, 249 U.S. 557, 39 S.Ct. 375, 63 L.Ed. 772 (1919) (Brandeis, J.) (District Court has juris-

---

**2.** The decision was not premised, as the dissent implies, on the unavailability of judicial review at a later stage. A Court of Appeals reviewing a cease and desist order invoking the Quantity-Limit Rule to negative a cost-justification defense presumably could consider the validity of that rule.

diction where ICC permits new rate filing without hearing required by statute).[3]

In *Goodrich, supra, Kyne, supra,* and *Skinner & Eddy, supra,* the agency's action violated express statutory conditions of its authority which were found to give rise to enforceable rights in the parties for whose protection they existed. In the present case, appellant's rights are not spelled out so explicitly in the statute itself. 15 U.S.C. § 45(b) provides:

" * * * [T]he Commission may at any time, *after notice and opportunity for hearing, reopen* and alter, modify, or set aside, in whole or in part, any report or order made or issued by it under this section, whenever in the opinion of the Commission conditions of fact or of law have so changed as to require such action or if the public interest shall so require: *Provided, however,* That the said person, partnership, or corporation may, within sixty days after service upon him or it of said report or order entered after such a reopening, obtain a review thereof in the appropriate court of appeals of the United States * * *."

(Initial emphasis added.) We need not decide whether this language in the abstract amounts to the kind of "plain statutory command" on which District Court jurisdiction was premised in *Leedom v. Kyne, supra.*[4] Here the parties themselves by the consent decree have put a construction upon the statute which renders its directive of such a nature.

The Commission promulgated Rule V(f) to implement § 45(b), and entered a consent order incorporating that Rule.

We hold merely that the incorporation of Rule V(f) into the consent decree which is binding on appellant and is equally binding on the Commission gives rise to an enforceable right in appellant to require the Commission to abide by the Rule.

In our view it is not controlling that the terms of Rule V(f) do not themselves appear in the statute; such terms do not lend themselves to the rigidities of a statute and would not likely be found in the statute; rather they implement the basic statutory scheme. It is the Commission, not Congress, which has the task of shaping the general statutory directive of § 45(b) into workable procedural rules consistent with the congressional intent. The Commission can best judge which procedures are feasible; statutory rules of practice might not be sufficiently flexible to adapt to changing needs. But where, as here, the Commission promulgates a Rule filling in the statute's interstices, as Congress contemplated, and incorporates such a Rule into a consent settlement, we see no reason to distinguish between such a Rule and the statutory jurisdictional predicates involved in *Goodrich, Kyne,* and *Skinner & Eddy.*

The District Court, then, has jurisdiction to entertain appellant's complaint. In answering the question whether that complaint states a claim for relief

---

3. *Skinner & Eddy* is especially pertinent, since the statute there provided that the Commission might allow the new filing only after a *hearing* had established *changed conditions.* The Supreme Court sustained District Court jurisdiction to enjoin the filing though the petitioner had not sought relief within the Commission, since the complaint alleged that the Commission had exceeded its powers and, like appellant's complaint here, made no claim that the Commission had erred in consideration of the merits of a substantive issue consigned to it for initial determination.

4. The Commission argues that since the statute says the Commission *"may"*

reopen, no such mandatory language appears as supported District Court jurisdiction in *Kyne.* While not reaching the question of the sufficiency of the statutory language *alone* to support jurisdiction, we note in passing that the Commission's argument is not weighty. A provision that the Commission *"shall"* reopen would make no sense at all: reopening is meant to be discretionary with the Commission, and reopenings the exception rather than the rule. We think it more likely that the language means the Commission *may* reopen any order if it chooses, and if it does so, it *shall* proceed in the manner detailed in the statute.

which will support an injunction we need not inquire whether the statutory language alone or taken together with the promulgation of the implementing Rule, would give rise to an enforceable right.[5] The incorporation of that Rule into the consent order "vested" appellant with a right to a reopening hearing.

■ The Commission's authority to promulgate the Rule and to incorporate it into consent agreements is unquestioned; it cannot and does not assert that it may avoid the obligation it here undertook because of "incapacity." And of course the Commission is free to alter its Rules of Practice as it sees fit, provided it does not contravene the statute.[6] But it may not unilaterally obliterate a part of the consideration—indeed an important part —by which it secured appellant's assent to be bound by a cease and desist order.[7]

■ Appellant does not ask us for an injunction against an abuse of discretion. It contends rather that the Commission's

duty to proceed against it, if at all, according to Rule V(f) was "ministerial." We agree. When the thrust of a *statutory* command addressed to a public official is unmistakable, his duty to comply with it is "ministerial." This we believe to be the essence of *Goodrich, Kyne,* and *Skinner & Eddy.*[8]

We have said that we can see no significant difference, in the context of this case, between the commands addressed by statute to the agency officials in those cases and the command of the Rule here adopted to implement § 45(b) and written into the consent agreement. Of course, the Commission, and only it, had discretion whether to proceed at all against appellant in relation to the advertising practices which were the subject of the agreement. But once the discretionary decision to act was taken, the choice of procedure was prescribed by § 45(b) of the statute as implemented by the parties by incorporating the Commission's own Rule into the consent decree. In sum, given

5. Even when not commanded by statute, the institution by an agency of regulations governing procedure may prevent deviation from them as long as they remain in effect. *Cf.* Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959).

6. As noted *supra,* the present case does not present the questions whether § 45(b) *by itself* requires the type of hearing afforded under Rule V(f), and if so whether that section *itself* confers a right enforceable in a District Court action.

7. The Rule V(f) procedure requires a determination that there has been a change of law or fact—or that there is some public interest consideration—which justifies setting aside a consent order. Only after a hearing on these preliminary issues is the order to be disturbed at all under the Rule, and only after there has been such a setting aside is the Commission free under the Rule to bring a new complaint proceeding against any practice not governed by such parts of the consent order as remain in force.

Section 45(b) itself provides for direct Court of Appeals review of the outcome of reopening hearings. Congress thus apparently sought to insure that new complaint proceedings would not be insti-

tuted concerning practices subject to existing consent orders unless the prospective respondents first had a chance for judicial review of the necessity for disturbing such orders. This is some evidence that Congress, at least, considers the finality of consent orders to be of more than trivial concern.

By failing to hold the hearing contemplated by the statute and by not entering an *order* setting aside the existing consent order, the Commission subverts the opportunity for Court of Appeals review given by the statute. See n.1, *supra.*

8. The Supreme Court long ago indicated that mandamus would lie in such a case:

"Unless * * * mandamus is to become practically valueless, and is to be refused even where a public officer is commanded to do a particular act by * * · * a particular statute, * * * [the writ] should be granted. Every statute to some extent requires construction by the public officer whose duties may be defined therein. Such officer must read the law, and he must therefore * * * construe it * * *. But that does not necessarily * * * make the duty * * * anything other than a purely ministerial one."

Roberts v. United States, 176 U.S. 221, 231, 20 S.Ct. 376, 379, 44 L.Ed. 443 (1900).

that the Rule was a term of the agreement, the duty to proceed according to its unambiguous provision was clear.[9]

Were this an action between private parties, appellant would be hard pressed to demonstrate absence of an adequate remedy at law and this would ordinarily render specific relief inappropriate. Here, however, the injury which appellant asserts is one for which any adequate legal remedy is very remote.[10]

Indiana & Michigan Elec. Co. v. FPC, 224 F.Supp. 166 (N.D.Ind.1963), cited by the dissent to show the availability of other adequate relief to appellant, is inapposite. The premise of that case is that procedural errors committed by the Commission in the course of an otherwise lawful proceeding can be remedied by the grant of a new hearing by a Court of Appeals reviewing a final order if they appear to prejudice the reliability of the Commission's fact findings. And indeed the remand envisioned would be adequate to remedy the wrong claimed in the *Indiana* case—denial of a fair hearing. As we have pointed out above, however, such a remand would serve no purpose here, since appellant concedes the *reliability* of the Commission's complaint procedure. The gist of appellant's complaint is rather that the Commission may not institute any complaint proceeding against it in relation to matters covered by the consent order until the necessary preliminary findings have been made at a reopening hearing reviewable by a Court of Appeals. Given the nature of the injury claimed, an appellate court reviewing an order resulting from the new complaint proceeding can afford appellant no meaningful remedy.[11]

We hold that the unavailability of other adequate relief justifies the issuance of an injunction against the new complaint proceeding upon a proper showing. Appellant's complaint thus states a claim for relief which the District Court must entertain. That court on remand may of course explore any factual issues tendered concerning the identity of the practices subject to the consent order and those here proceeded against, and any effects on such practices which appellant's intervening change of corporate form may

---

9. See McKay v. Wahlenmaier, 96 U.S.App. D.C. 313, 226 F.2d 35 (1955) (District Court has power to set aside "patently erroneous" application by Secretary of Interior of own regulation); Local Union No. 112, Int'l Union Allied Indus. Workers v. Rothman, 209 F.Supp. 295 (D.D. C.1962) (District Court compels NLRB General Counsel to proceed to hearing at instance of charging party, since neither the statute nor the Board's regulations give General Counsel authority to settle complaints after issuance absent agreement of all parties). · · ·

10. The need to insulate public officials from damage claims has led courts to find them immune from damage liability for failure to perform duties of the kind we find "ministerial" *for the purposes of this action*. The threat of liability in damages is likely to inhibit an official from "zealous and fearless administration of the law," Cooper v. O'Connor, 69 App. D.C. 100, 105, 99 F.2d 135, 140, 118 A.L. R. 1440, cert. denied, 305 U.S. 643, 59 S.Ct. 146, 83 L.Ed. 414 (1938), as the threat of an injunction is not. This immunity extends to erroneous construction and application of statutes. See, e.g., Taylor v. McGrath, 90 U.S.App.D.C. 201, 194 F.2d 883 (1952). See generally Commercial State Bank of Roseville v. Gidney, 174 F.Supp. 770 (D.D.C.1959), aff'd, 108 U.S.App.D.C. 37, 278 F.2d 871 (1960); Davis, Administrative Officers' Tort Liability, 55 Mich.L.Rev. 201 (1956).

Nor would appellant's likelihood of success be greater in a suit against the United States under the Tort Claims Act. Even if the official conduct here involved would be found *for the purposes of that Act* to be the violation of a ministerial duty rather than the irremediable abuse of a discretionary one, the Act excepts interference with contract rights—the essence of appellant's claim—from its purview. 28 U.S.C. § 2680(h).

11. Even if an appellate court could devise effective relief at this stage, the litigant who has failed first to seek relief in a District Court runs the risk of being estopped to complain under the principle of St. Regis Paper Co. v. United States, 368 U.S. 208, 82 S.Ct. 289, 7 L.Ed.2d 240 (1962).

have had.[12] We have not dealt with these matters, urged upon us by the Commission, since they were not raised in the District Court, which found only that it lacked jurisdiction to proceed. If it shall appear that the practices now complained of by the Commission vary significantly from those governed by the consent settlement, appellant cannot object to a new complaint directed at new conduct.

Reversed and remanded for further proceedings.

FAHY, Circuit Judge (dissenting):

I agree with the District Court in its dismissal of the complaint, so I respectfully dissent from this court's reversal and remand.

The complaint in the District Court of Elmo Division of Drive-X Co., Inc., prayed the court to enjoin the Federal Trade Commission and its members from proceeding further against Elmo by means of a Federal Trade Commission complaint rather than by procedures available under Commission rules of practice for reopening for possible amendment a previous consent decree entered into between Elmo and the Commission.

The Federal Trade Act provides for judicial review of orders of the Commission, entered in complaint proceedings, by the Courts of Appeals of the United States, 38 Stat. 719 (1914), 15 U.S.C. § 45, particularly §§ 45(c) and (d) (1958). This method of review was specially designed by Congress and necessarily enables the Commission, without prior judicial intervention, to pursue its own administrative procedures which might lead to an order. This Congressional plan cannot be preserved if the District Courts may exercise their general equity jurisdiction to forestall or interrupt the statutory process.

Elmo claims, as above indicated, that it is injured by the Commission having erroneously issued a new complaint, instead of reopening a previous consent decree. But a claim in the District Court that the Commission is using erroneous procedure in a particular case, and is thus subjecting a party to the expense and inconvenience of litigation, does not vest jurisdiction in the court in contravention of normal statutory review provisions. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 51, 58 S.Ct. 459, 82 L.Ed. 638 (1938). The question is not whether a procedural error may have occurred at the Commission level, as to which I express no opinion, but rather how and when an alleged error of the Commission is to be judicially considered. Congress has provided the method in the Act itself, thus precluding it to a District Court exercising equity jurisdiction. Cf. Whitney Nat'l Bank v. Bank of New Orleans, 85 S.Ct. 551, decided January 19, 1965.

The court's reliance on Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L. Ed.2d 210 (1958), a case of very limited scope, I think is unfounded. There the Labor Board had violated the statute in the course of a proceeding resulting in a union certification, ordinarily non-reviewable under the Labor Act. Jurisdiction in the District Court was sustained to enjoin the Board from depriving some of the affected employees of a substantive right clearly granted to them by statute. Unless the District Court had intervened the deprivation could not have been reviewed at the instance of the employees whose rights were obliterated by the Board action, a situation not comparable to that here present. And in B. F. Goodrich Co. v. FTC, 93 U.S.App.D.C. 50, 208 F.2d 829 (1953), appeal after remand, 100 U.S.App.D.C. 58, 242 F.2d 31 (1957), the Commission order was in the form of a rule of general application not subject to the ordinary judicial review proce-

---

12. We do not think the procedure now directed by this court, i.e., a remand to the District Court for limited purposes, is so "cumbersome" that it should divert us from requiring the Commission to adhere to its own Rules and its own explicit consent decree. Procedural safeguards are often cumbersome in a relative sense, but short cuts and cutting of procedural corners by a regulatory body are pregnant with mischief.

dures of the Federal Trade Act. In both *Goodrich* and *Leedom v. Kyne* the agency had taken action which had a direct impact upon the plaintiffs. In the former the companies had been subjected to a Commission order affecting their business operations, compliance or noncompliance with which order caused immediate consequences to such operations without further agency action. 93 U.S.App.D.C. 50, 208 F.2d 829.[1] And in *Leedom v. Kyne*, as I have said, the Board action had brought about the deprivation of a substantive statutory right. In neither case was the challenged action reviewable, by those affected, under the specially designed statutory review procedures. In contrast, no action of like impact had been taken by the Commission in this case. Only a Commission proceeding on a complaint had been initiated. Should it eventuate in a Commission order adverse to appellant the order would be reviewable by a Circuit Court of Appeals, for procedural as well as substantive error. In the meantime the possible injury or impact upon appellant is only that which *Myers, supra,* clearly holds insufficient as a basis for departing from the statutory procedures.[2]

The mistake of my brethren, I respectfully suggest, is emphasized by the concluding paragraph of the opinion which directs the District Court to compare the practices now complained of with those involved in the consent order. If the former differ significantly from the latter, the court concludes, the new complaint may issue. Surely, as it seems to me, this is a very cumbersome as well as a mistaken substitute for the statutory provisions for review of such order, if any, as the Commission may issue in its complaint proceedings.

1. In Skinner & Eddy Corp. v. United States, 249 U.S. 557, 39 S.Ct. 375, 63 L. Ed. 772 (1919), relied upon by the court, an order of the Interstate Commerce Commission, claimed to be in excess of its statutory authority, with immediate impact upon the plaintiffs, was involved. No order of this character has been issued by the Commission in our case.

2. *Mandamus* by way of 28 U.S.C. § 1361 is an extraordinary remedy which invokes the equity powers of a district court. Even if the Commission's action could be classified as ministerial, *mandamus* in this case is barred because Congress has provided an adequate remedy. *Cf.* Indiana & Michigan Elec. Co. v. FPC, 224 F. Supp. 166 (N.D.Ind.1963), and cases cited therein.