**JEWEL COMPANIES, etc., et al.,**
**Plaintiffs-Appellants,**

v.

**FEDERAL TRADE COMMISSION,**
**Defendant-Appellee.**

**No. 72-1382.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 19, 1973.

Decided March 15, 1973.

Joseph F. Ryan, Boston, Mass., Alex Akerman, Jr., Washington, D. C., Theodore A. Groenke, Chicago, Ill., for plaintiffs-appellants.

Harold D. Rhynedance, Jr., F. T. C., Washington, D. C., Alvin L. Berman, Robert E. Duncan, Attys., F. T. C., Washington, D. C., James R. Thompson,

U. S. Atty., William T. Huyck, Chicago, Ill., Alan S. Rosenthal, Dept. of Justice, Washington, D. C., for defendant-appellee.

Before CASTLE, Senior Circuit Judge, and FAIRCHILD and SPRECHER, Circuit Judges.

## ORDER

PER CURIAM.

On July 10, 1969, the Federal Trade Commission issued five administrative complaints against the present plaintiffs-appellants. The complaints were issued by a 3–2 vote of the Commission and alleged a violation of Section 2(c) of the Clayton Act, as amended by the Robinson-Patman Act. Thereafter, plaintiffs-appellants filed suit in district court seeking a declaration that the administrative complaints were void and an injunction restraining the Commission from conducting administrative proceedings pursuant to the complaints. The Commission moved to dismiss the complaint for failure to exhaust existing administrative and judicial remedies. In denying this motion, the district court certified the order for appeal pursuant to 28 U.S.C. § 1292(b).

This court granted leave to appeal and ultimately determined that the district court did have jurisdiction to consider plaintiffs' allegations as set forth in Count II of their complaint. Count II in essence alleged that one of the commissioners, Commissioner MacIntyre, had improperly interpreted his statutory obligation as a commissioner in voting for issuance of the complaint. Therefore, recognizing that "[w]ithout Commissioner MacIntyre's vote the complaint could not have issued since two commissioners dissented", the cause was remanded for proceedings "not inconsistent" with this court's opinion. See Jewel Companies, Inc. v. F.T.C., 432 F.2d 1155, 1159 (7th Cir. 1970).

Following remand, the Commission on December 28, 1970, moved to hold in abeyance and stay for 90 days the pending court proceeding so as to permit "the Commission to reconsider its decision to issue the administrative complaints involved in the case". The brief which accompanied the motion stated that the Commission sought a chance to review its action not only because of the decision of this court, but also because of a change in the membership of the Commission. (At the time the motion was filed, the two dissenting commissioners had been succeeded by two new commissioners.)

Plaintiffs did not oppose this motion, but did, on January 6, 1971, file a motion for summary judgment. In their brief accompanying the motion, plaintiffs argued that no factual issues remained because this court had determined that Commissioner MacIntyre had construed his obligation as permitting no exercise of discretion in the public interest. They therefore urged the district court to hold that administrative discretion may be exercised in deciding whether to issue complaints and that Commissioner MacIntyre's allegedly erroneous interpretation of his statutory obligation entitled them to a permanent injunction against the administrative proceedings.

On January 21, 1971, the district court entered an order providing that the Commission would have until May 15, 1971, to file a response to plaintiffs' motion for summary judgment and that, during the pendency of plaintiffs' motion, the Commission could reconsider its decision to issue the administrative complaints, provided that plaintiffs were afforded the opportunity to be heard in connection with the reconsideration.

On February 5, 1971, the Commission notified plaintiffs of its determination to reconsider its decision to issue the five administrative complaints and indicated that plaintiffs could file briefs on this question. Thereafter, plaintiffs pressed their position regarding the appropriateness of issuance of the complaints both by filing extensive briefs and by participating in oral arguments before the Commission.

On April 12, 1971, the Commission, with all five members participating, ruled

unanimously that issuance of the challenged administrative complaints was in the public interest and reaffirmed its decision to issue the complaints. Accompanying the order was a separate statement by Commissioner MacIntyre wherein he indicated that at the time the complaints were originally issued he had considered the public interest and was convinced that issuance was in the public interest.

On May 24, 1971, the Commission filed with the district court a motion to dismiss the complaint on the ground that this action had become moot, various exhibits to the motion including the Commission's order and separate statement of Commissioner MacIntyre, and a memorandum brief in support of its motion and in opposition to plaintiffs' motion for summary judgment. Thereafter, plaintiffs filed a brief in further support of their motion for summary judgment and in opposition to the Commission's motion to dismiss. Finally, the Commission filed a reply to plaintiffs' brief.

On March 17, 1972, the district court entered a judgment from which the instant appeal was taken. While recognizing that the Commission had not yet filed an answer, the court concluded no further pleadings were required before the "ultimate relief" which both parties had sought in their respective motions could be granted. After reviewing the history of this litigation, with particular regard to the Commission's order and separate statement of Commissioner MacIntyre, the district court held: (1) that this action had not become moot, despite the Commission's unanimous reaffirmance of its decision to issue the complaints; (2) that discretion must be exercised by the Commission when it contemplates issuance of administrative complaints; and (3) that "Commissioner MacIntyre had made it as clear as he can that, originally and at the time of reaffirmance, he exercised discretion in voting to issue the complaints". Accordingly, the court ordered the entry of judgment in favor of the Commission on

Count II, since in its view there was "no genuine issue of fact".

■ We conclude, however, that as soon as the Commission, after proceedings in which the plaintiffs participated, unanimously reaffirmed its decision to issue the complaints with a specific finding that issuance was in the public interest, the required foundation for the administrative proceeding was supplied or repaired, even if absent or defective earlier, and Commissioner MacIntyre's original, and allegedly defective, vote was no longer of significance. Thus, the instant action had become moot, thereby depriving the district court of subject matter jurisdiction. Flast v. Cohen, 392 U.S. 83, 94–95, 88 S.Ct. 1942, 20 L.Ed. 2d 947 (1968). Accordingly, the district court should have dismissed the action on that ground.

■ Even if the district court had found that Commissioner MacIntyre did not properly interpret his statutory obligation at the time the complaints were *originally* issued, this would not have entitled plaintiffs to a permanent injunction against all further proceedings concerning the practices which are the subject of the challenged complaints. At best, plaintiffs would only have been entitled to a declaration of the invalidity of the challenged complaints—the Commission's power to issue superseding complaints, or perhaps, as was done here, reconsider issuance of the challenged complaints, *could not have been* diminished. Federal Power Commission v. Idaho Power Co., 344 U.S. 17, 20, 73 S.Ct. 85, 97 L.Ed. 15, 20 (1952); Federal Trade Commission v. Morton Salt Co., 334 U.S. 37, 55, 68 S.Ct. 822, 92 L.Ed. 1196, 1208–1209 (1948); Securities and Exchange Commission v. Chenery Corp., 332 U.S. 194, 200–201, 67 S.Ct. 1575, 91 L.Ed. 1995, 2001 (1947).

The clerk of this court is directed to enter judgment modifying the judgment appealed from so as to dismiss Count II for mootness, and affirming the judgment as so modified. Costs on appeal are allowed to appellee.