**CIVIL AERONAUTICS BOARD**

v.

**DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT, Appellant.**

**No. 78–1851.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 12, 1978.

Decided Jan. 8, 1979.

William C. Clarke and Steven A. Swerdlow, New York City, were on the brief, for amicus curiae urging Reversal.

G. Nathan Calkins, Washington, D. C., with whom Morris R. Garfinkle, Washington, D. C., was on the brief, for appellant.

Mark H. Gallant, Atty., Dept. of Justice, Washington, D. C., with whom Earl J. Silbert, U. S. Atty., Barbara Allen Babcock, Asst. Atty. Gen. and Ronald R. Glanz, Attys., Dept. of Justice, Washington, D. C., were on the brief, for appellee.

Before BAZELON, LEVENTHAL and ROBB, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

The Civil Aeronautics Board issued a subpoena directing Deutsche Lufthansa Aktiengesellschaft to produce certain documents sought in connection with an investigation of possible violations of the CAB's regulations pertaining to denied boarding ("bumping") of passengers who have confirmed reserved space. Lufthansa failed to comply fully. Upon application by the agency, the district court issued the order under appeal, which directed compliance with the administrative subpoena. We affirm.

■ In general, this court respects the doctrine that an agency has jurisdiction to determine the scope of its authority, in the first instance, and that such matters will not be determined in a proceeding to enforce a subpoena. *FTC v. Texaco, Inc.,* 180 U.S.App.D.C. 390, 407, 555 F.2d 862, 879 (*en banc*), *cert. denied,* 431 U.S. 974, 97 S.Ct. 2940, 53 L.Ed.2d 1072 (1977); *SEC v. Brigadoon Scotch Distributing Co.,* 480 F.2d 1047, 1052–53 (2d Cir. 1973), *cert. denied,* 415 U.S. 915, 94 S.Ct. 1410, 39 L.Ed.2d 469 (1974). This doctrine is subject to exceptions, as where there is a patent lack of jurisdiction, but we do not find those exceptions to be applicable to the instant case.

■ Lufthansa, a carrier of German registry, has raised questions concerning the jurisdiction of the agency to regulate bumping practices by foreign airlines at foreign air terminals. The bumpings under investigation were not wholly foreign transactions, since what CAB is investigating are possible violations of regulations that are applicable only in case of a contractual relationship formed by a ticket sale or confirmation within the United States. The withheld documents are pertinent to bumpings on a flight that was destined for this country. In a filed tariff Lufthansa had certified its agreement to comply with these regulations. The CAB regulations are pertinent to the issue of contract liability for failure of performance,[1] and the investigation in this case concerns the extent to which Lufthansa has acted in accordance with its representation of compliance.

■ Lufthansa presents a contention that foreign law prohibits compliance with the subpoena. The sources cited do not support its argument that enforcement

---

1. The CAB regulations do not purport to interfere with the sovereign power of the German Government to establish different boarding practices or priorities in Germany. We have no basis of knowing whether Lufthansa will establish that the bumpings, if any, were required by the German Government. And even if they were, there would arise a question of possible contract liability.

should be denied under the circumstances of this case. The subpoena duces tecum issued by the agency imposes an obligation on petitioner to use all good faith efforts to obtain permission from the German Government for release of the documents. *See Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). The district court found that Lufthansa had refused, "without good cause," to produce the subpoenaed materials. This case is not before us on a motion for contempt, which would raise somewhat different issues. *See Nat'l Resources Def. Council, Inc. v. Train*, 166 U.S.App.D.C. 312, 333–34, 510 F.2d 692, 713–14 (1974); *In re Westinghouse Elec. Uranium Contracts Litigation*, 563 F.2d 992, 999 (10th Cir. 1977). Moreover, this court's affirmance of the enforcement order may be a factor in facilitating production of the documents by petitioner without risking sanctions by the German Government.

There also has been a challenge to the CAB's statutory authority in the circumstances to require production of documents held abroad. We are in accord with the view expressed in a similar context by Judge Friendly in *FMC v. DeSmedt*, 366 F.2d 464, 468–73 (2d Cir.), *cert. denied*, 385 U.S. 974, 87 S.Ct. 513, 17 L.Ed.2d 437 (1966), that the pertinent statutory provision, 49 U.S.C. § 1484(c) (1970), was not intended as a limitation on agency subpoena authority, but rather was intended to free the agency of the geographic limitations imposed on subpoenas issued by the district courts.[2]

Lufthansa has proffered material concerning new developments at the CAB and further actions taken by the German Government. We are not in a position to appraise the materiality of these developments. They may be presented to the district court upon appropriate motion.

*Affirmed.*

---

**2.** *DeSmedt* involved a nearly identical provision, section 27 of the Shipping Act of 1916, 46 U.S.C. § 826 (1970).