## FEDERAL TRADE COMMISSION

v.

**Henry L. ERNSTTHAL et al.,
Appellants.**

**No. 78–1519.**

United States Court of Appeals,
District of Columbia Circuit.

Argued March 21, 1979.

Decided Aug. 20, 1979.

S. Jerome Mandel, Los Angeles, Cal., with whom Jesse D. Miller, Los Angeles, Cal., and William C. Kelly, Jr., Washington, D. C., were on the brief, for appellants.

David M. Fitzgerald, Atty., F. T. C., Washington, D. C., with whom Michael N. Sohn, Gen. Counsel, and Gerald P. Norton, Deputy Gen. Counsel, F. T. C., Washington, D. C., were on the brief, for appellee.

Before BAZELON, Senior Circuit Judge, ROBINSON, Circuit Judge, and VAN DU-SEN,* Senior Circuit Judge, United States Court of Appeals for the Third Circuit.

Opinion for the Court filed by Senior Circuit Judge BAZELON.

BAZELON, Senior Circuit Judge:

Appellants Henry Ernstthal, Executive Director of the California Dental Association (CDA), and Kathy Boice, Executive Director of the Orange County Dental Society, Inc. (OCDS), appeal from an order of the district court enforcing two subpoenas *duces tecum* issued by the FTC. The subpoenas required appellants to produce documents in aid of an adjudicatory proceeding against a number of dental associations, *In re American Dental Association*, FTC Docket No. 9093, charging those organizations with violating § 5 of the FTC Act. Neither CDA nor OCDS was a party to that adjudicatory proceeding, and neither organization is charged with violating the Act. We affirm the district court's order enforcing the subpoenas.

### I.

On February 22, 1979, while this case was pending on appeal, the FTC granted a joint motion of the FTC complaint counsel and counsel for the administrative respondents to withdraw the adjudicatory proceeding for the purposes of considering a consent agreement. *See* Supplemental Post Hearing Br. of Appellee at 2. The Commission has opened the proposed consent agreement for public comment, a precondition to final acceptance by the FTC.

Neither the withdrawal of this proceeding from adjudication, nor the possible acceptance by the Commission of a consent decree moots this appeal. The FTC remains in possession of appellants' subpoenaed documents, and does not intend to return them in the event a consent decree is reached. *See* Supplemental Post Hearing Br. of Appellee at 3–4. Were appellants to succeed in quashing the FTC's subpoena, however, they would be entitled to the immediate return of the documents. *See FTC v. Browning*, 140 U.S.App.D.C. 292, 293–94 n.1, 435 F.2d 96, 97–98 n.1 (D.C.Cir. 1970). There thus remains a live controversy between the parties, and we proceed to the merits of appellants' contentions.

### II.

Appellants' principal contention[1] is that the FTC lacks jurisdiction under § 5 of the

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. Our discussion is limited to appellants' jurisdictional challenge to the underlying administrative subpoena. Appellants also contend that the subpoena fails to meet the requirements of definiteness, relevance and lack of undue burden. We affirm, the district court's disposition of these contentions. *See FTC v. Ernstthal*,

FTC Act, 15 U.S.C. § 45 (1976), to initiate a proceeding against the American Dental Association (ADA) and other dental associations, because as non-profit organizations they are allegedly not "corporations" for the purposes of § 5.[2]

In their reply brief, appellants narrow the issue in this case considerably. They concede that an individual may not normally resist an administrative subpoena on the ground that the agency lacks regulatory jurisdiction if the subpoena is issued at the investigational stage of the proceeding. *See, e. g., Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946). Further, they also concede, *arguendo*, that a *party* to an adjudicative proceeding may not challenge the agency's jurisdiction in a subpoena enforcement proceeding. *See, e. g., Endicott Johnson Co. v. Perkins*, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424 (1943). However, appellants contend that a *non-party* may challenge the agency's jurisdiction in a subpoena enforcement proceeding, when the subpoena is issued during the *adjudicative* stage of the administrative proceeding. Appellants argue that their right to challenge the agency's regulatory jurisdiction is supported by the 7th Circuit's decision in *FTC v. Miller*, 549 F.2d 452, 460 (7th Cir. 1977). We find appellants' attempt to distinguish the posture of this subpoena enforcement proceeding from well-established precedents unpersuasive.

■■■ First, we reject appellants' attempt to distinguish investigative from adjudicatory subpoenas. There is no requirement that the agency conclusively establish its regulatory jurisdiction prior to the initiation of an adjudicatory proceeding,[3] and "[a]s a general rule, the agency should make the initial determination of its own jurisdiction." *California ex rel. Christensen v. FTC*, 549 F.2d 1321, 1324 (9th Cir.), *cert. denied*, 434 U.S. 876, 98 S.Ct. 227, 54 L.Ed.2d 156 (1977). Indeed, it is possible that, at the close of the adjudicatory proceeding, the agency may conclude that the requisite jurisdictional facts are absent. We may assume that there are cases where the absence of agency jurisdiction is so apparent once the adjudicatory stage is initiated that a court might permit an individual to raise lack of regulatory jurisdiction as a defense to a petition for subpoena enforcement. *See CAB v. Deutsche Lufthansa Aktiengesellschaft*, 591 F.2d 951, 952 (D.C.Cir. 1979). But where, as here, the FTC does not plainly lack jurisdiction, and the jurisdictional question turns on issues of fact, the agency is not obliged to prove its jurisdiction in a subpoena enforcement proceeding prior to the conclusion of the agency's adjudication.

■ Similarly, the fact that appellants are not parties does not give them a greater right to challenge the agency's jurisdiction

---

No. 78–0064 (D.D.C. May 30, 1978) (Joint Appendix 456).

2. Section 4 of the FTC Act, 15 U.S.C. § 44 (1976) defines corporation in the following manner:

"Corporation" shall be deemed to include any company, trust, so-called Massachusetts trust, or association, incorporated or unincorporated, which is organized to carry on business for its own profit or that of its members, and has shares of capital or capital stock or certificates of interest, and any company, trust, so-called Massachusetts trust, or association, incorporated or unincorporated, without shares of capital or capital stock or certificates of interest, except partnerships, which is organized to carry on business for its own profit or that of its members.

3. Although under the FTC's rules the permissible scope of an FTC subpoena is arguably

broader during an investigation than after a complaint has been filed, *FTC v. Browning*, 140 U.S.App.D.C. 292, 298–99, 435 F.2d 96, 102–03 (D.C.Cir. 1970), "[t]here is no provision in the Commission's rules, nor is there any precedent which would, in effect, require complaint counsel to have *all* evidence that he will need prior to the issuance of the complaint." *All-State Industries of North Carolina*, 72 F.T.C. 1020, 1024 (1967) (footnote omitted). As the FTC made clear in its opinion clarifying its first *All-State* decision, *All-State Industries of North Carolina*, 74 F.T.C. 1591, 1592 (1968) (supplemental clarifying opinion), "a discovery request made by complaint counsel is not open to objection on the ground that the materials sought should have been in hand at the time of issuance of the complaint." *See FTC v. Browning, supra*, 435 F.2d at 103. *See also Adams v. FTC*, 296 F.2d 861, 864–65 (8th Cir. 1961).

than parties. If anything, the right of non-parties to derail the entire administrative proceeding in the context of a petition for subpoena enforcement is even less than that of a party. It is of no interest to appellants whether third parties may be subject to the regulatory jurisdiction of the FTC. Appellants are merely asked to provide evidence in a duly constituted administrative proceeding. In the absence of agency bad faith, or intention to harass the appellants, courts will not disregard the salutary rule against adjudicating the agency's regulatory jurisdiction in a subpoena enforcement proceeding simply because those resisting the subpoena are not parties to the administrative proceeding.

This court has never passed on the exceptions to the *Oklahoma Press* doctrine adopted by the Seventh Circuit.[4] *See FTC v. Miller, supra,* 549 F.2d at 460.[5] Even assuming we were to adopt *Miller,* however, it would not support appellants' challenge here. Appellants fail the first and second test established by *Miller* because the issue of whether the ADA is exempt from the FTC's regulatory jurisdiction is a factual question of "classification." *See Community Blood Bank of the Kansas City Area, Inc. v. FTC,* 405 F.2d 1011, 1018–19 (8th Cir.

1969) ("The limiting language of § 4 [of the FTC Act] indicates an intention that the question of the jurisdiction over the corporations or other associations involved should be determined on an ad hoc basis.").

Appellants make out a stronger case under the third wing of *Miller,* to wit, that the issue cannot be raised upon judicial review of a later FTC order. But we find that test inapplicable here. *Miller,* and the cases on which it relies, all involved challenges to the agency's jurisdiction by those who were the target of the agency's investigation or regulatory action.[6] Here the FTC is neither investigating appellants, nor otherwise bringing them within the agency's jurisdiction. The FTC simply seeks evidence from them in a proceeding that is not patently outside the agency's jurisdiction. We think that the Supreme Court's observation in *Blair v. United States,* 250 U.S. 273, 282–83, 39 S.Ct. 468, 63 L.Ed. 979 (1919), is germane here. "In truth it is in the ordinary case no concern of one summoned as a witness whether the offense is within the jurisdiction of the court or not. At least, the court and the grand jury have authority and jurisdiction to investigate the facts in order to determine the question whether the facts show a case within their jurisdiction."[7]

---

4. *Cf. United States v. Anaconda Co.,* 445 F.Supp. 486, 491 n.4 (D.D.C.1977) (applying the "strictly legal issue" exception set forth in *Miller*).

5. In *FTC v. Miller,* 549 F.2d 452, 460–62 (7th Cir. 1977), the Seventh Circuit applied to a subpoena enforcement proceeding the doctrine of *Borden, Inc. v. FTC,* 495 F.2d 785, 786–87 (7th Cir. 1974) (footnote omitted):

It is well settled that ordinarily courts will not interfere with an agency until it has completed its action and that administrative remedies may be bypassed only if (1) the agency has clearly violated a right secured by statute or agency regulation, *Leedom v. Kyne,* 358 U.S. 184, 188–189, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958); *Elmo Division of Drive-X Company v. Dixon,* 121 U.S.App.D.C. 113, 348 F.2d 342, 346–47 (1965); (2) the issue involved is a strictly legal one not involving the agency's expertise or any factual determinations, *Jewel Companies, Inc. v. F. T. C.,* 432 F.2d 1155, 1159 (7th Cir. 1970); *McKart v. United States,* 395 U.S. 185, 197–199, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); or (3) the issue cannot

be raised upon judicial review of a later order of the agency, *Jewel, supra* at 1159.

6. *Miller* itself was a challenge to the FTC's jurisdiction by a common carrier under investigation by the FTC to determine whether the company was violating § 5 of the FTC Act. *Miller* in turn derives from cases such as *FTC v. Feldman,* 532 F.2d 1092, 1096 (7th Cir. 1976) (challenge by company under investigation by FTC); *Borden, Inc. v. FTC,* 495 F.2d 785, 786–87 (7th Cir. 1974) (action for declaratory and injunctive relief against continued administrative proceedings by company that had been charged in a formal complaint); *Jewel Companies, Inc. v. FTC,* 432 F.2d 1155, 1159 (7th Cir. 1970) (same); *see also Elmo Division of Drive-X Co. v. Dixon,* 121 U.S.App.D.C. 113, 348 F.2d 342 (D.C.Cir. 1965) (same); *id.* 121 U.S.App.D.C. at 119, 348 F.2d at 348 (Fahy, J., dissenting).

7. The Supreme Court has recognized the applicability of *Blair* to administrative subpoena enforcement proceedings, at least during their investigative stages. *See Oklahoma Press Pub-*

Thus whether or not the issue will later be subject to review,[8] we decline to relax the well-established barrier against ruling on the agency's regulatory jurisdiction in subpoena enforcement proceedings on behalf of a nonparty, where the absence of jurisdiction is not patent, and there are no allegations of agency bad faith.[9]

### III.

Appellants have also expressed concern that the subpoenaed documents will be improperly disclosed by the FTC. However, the FTC has indicated that the documents in question are subject to a protective order issued by the ALJ. This order requires the FTC to notify appellants before releasing any documents to anyone other than "em-

ployees of the Commission, outside consultants and experts, or prospective witnesses." *See* Supplemental Post Hearing Br. of Appellees at 5; App. 415–16. In light of this blanket protective order, it is unnecessary for the court to determine at this time whether or to what extent the FTC must maintain the confidentiality of appellants' documents. *See FTC v. Texaco, Inc.*, 180 U.S.App.D.C. 390, 411–13, 555 F.2d 862, 883–85 (D.C.Cir. 1977) (en banc).

*Affirmed.*

---

lishing Co. v. Walling, supra, 327 U.S. at 216, 66 S.Ct. 494 (decided under § 9 of the Fair Labor Standards Act, which incorporates by reference § 9 of the FTC Act, *see* 29 U.S.C. § 209 (1976); *United States v. Bisceglia*, 420 U.S. 141, 147, 95 S.Ct. 915, 43 L.Ed.2d 88 (1975) (IRS summons).

**8.** Of course, the question of the agency's jurisdiction is reviewable at the behest of a party

aggrieved by the outcome of the administrative proceeding.

**9.** In light of our disposition, we need not rule on appellants' challenge to the district court's order denying the motion to join the administrative respondents as respondents in the subpoena enforcement proceeding.