INDIANA MANUFACTURED HOUSING ASSOCIATION INC., Liberty Homes, Inc., Meadow Acres Manufactured Housing, Inc., South Side Trailer Sales, Inc., Plaintiffs-Appellants,

v.

FEDERAL TRADE COMMISSION, Michael Pertschuk, Chairman, Paul Rand Dixon, David A. Clanton, Robert Pitofsky, Patricia P. Bailey, Commissioners, Raymond L. Rhine, Presiding Officer, Defendants-Appellees.

No. 80–2088.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 2, 1980.

Decided Feb. 11, 1981.*

Rehearing and Rehearing En Banc Denied March 9, 1981.

Richard S. Harrell, Washington, D. C., for plaintiffs-appellants.

David M. Fitzgerald, F. T. C., Washington, D. C., for defendants-appellees.

Before PELL, BAUER, Circuit Judges, and WILL, Senior District Judge.**

PER CURIAM.

Plaintiffs-appellants Indiana Manufactured Housing Association, and others, filed a verified complaint for injunctive and declaratory relief contesting various actions and decisions of a Presiding Officer in a rulemaking proceeding. The district court granted the motion of defendant-appellee Federal Trade Commission (FTC) to dismiss. We affirm.

Appellants complain, first, that the Presiding Officer failed to make findings of fact concerning the "prevalence" of the acts and practices addressed by the proposed rule. Second, appellants complain that they were denied the opportunity to cross-examine an FTC economist whose statements were relied upon by the presiding officer.

■ Appellants seek review of decisions made in an admittedly preliminary step in the FTC rulemaking procedure. The proposed rule has yet to go before the full Commission for consideration. Review by the court of appeals is usually barred until administrative procedures are exhausted.

---

* This appeal was originally decided by unreported order on January 9, 1981. See Circuit Rule 35. The court has subsequently decided to issue the decision as an opinion.

** The Hon. Hubert L. Will, Senior Judge of the United States District Court for the Northern District of Illinois, Eastern Division, is sitting by designation.

*FTC v. Standard Oil of Calif.,* —— U.S. ——, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980); *Myers v. Bethlehem Shipbuilding Co.,* 303 U.S. 41, 50–5, 58 S.Ct. 459, 463–465, 82 L.Ed.2d 638 (1938); *Hunt v. Commodity Futures Trading Commission,* 596 F.2d 1234, 1236 (7th Cir. 1979). We conclude that there is no reason to depart from this rule in the present case.

 The Presiding Officer refused to certify the issues to the Commission for extraordinary interlocutory review under 16 C.F.R. § 1.13(c). This did not amount to exhaustion of remedies, however, because appellants' contentions are reviewable by the Commission upon the final report of the presiding officer. Appellants may submit comments on the presiding officer's report and may seek "review by the Commission of determinations made by the presiding officer." 16 C.F.R. § 1.13(h). On review of the presiding officer's report, the Commission may allow "persons who have previously participated in the proceeding to make oral presentations," *id.* § 1.13(i), and "may issue, modify, or decline to issue any rule." *Id.* § 1.14(a); *see also Ass'n of National Advertisers, Inc. v. FTC,* 565 F.2d 237, 239 (2d Cir. 1977) (presiding officer's decision to include allegedly irrelevant documents in rulemaking record not reviewable before Commission action).

Appellants concede that the presiding officer's report is not a final order, but contend that their grievances will not be reviewable in the courts after final agency action. Appellants base their argument on section 18 of the FTC Act, which provides that

> the contents and adequacy of any statement [of basis and purpose] shall not be subject to judicial review in any respect.

15 U.S.C. § 57A(e)(5)(C). The statement of basis and purpose includes a "statement as to the prevalence of the acts or practices treated by the rule." 16 C.F.R. § 1.14(a)(1). Appellants claim that this section forecloses judicial review of their complaints and that review now is therefore appropriate. *See Jewel Companies, Inc. v. FTC,* 432 F.2d 1155 (7th Cir. 1970). We disagree. First,

the Commission has yet to write the statement of basis and purpose. The Commission has never decided whether the presiding officer must make findings on "prevalence," and it should be the first to consider the issue. Second, the statute plainly states that no judicial review is available. It represents a legislative judgment to restrict review. If the decision as to prevalence is not reviewable upon final agency action (a question we cannot decide now), it is not reviewable now either. Appellants' other complaint about cross-examination is reviewable by the court of appeals under the FTC Act. *See* 15 U.S.C. § 57A(e)(3).

Appellants have not established that they fall within any exception to the exhaustion principle. *Hunt v. Commodity Futures Trading Commission,* 591 F.2d at 1236. The judgment of the district court is

AFFIRMED.