**RESOLUTION TRUST CORPORATION,**
Petitioner,

v.

**AMERICAN CASUALTY CO.,**
**et al., Respondents.**

**Misc. A. No. 92–54 (CRR).**

United States District Court,
District of Columbia.

March 25, 1992.

**6**

Suzanne Rigby, Resolution Trust Corp., David R. Boyd, and Beth Bollinger, Comey & Boyd, Washington, D.C., for petitioner.

Michael P. Tone, Kristi Gleim, Peterson & Ross, Chicago, Ill., for respondents.

### ORDER

CHARLES R. RICHEY, District Judge.

Before the Court is the Resolution Trust Corporation's ("RTC") Petition for Summary Enforcement of Twelve Administrative Subpoenas *Duces Tecum* which were served upon American Casualty Company, Continental Casualty Company, and James DeRoberts and Dick DeRoberts & Company. The Court heard arguments on this petition on March 18, 1992, and upon careful consideration of the arguments of counsel, the submissions of the parties, the applicable law, and the entire record herein, the Court granted the RTC's petition.

In the subpoenas, the RTC seeks extensive information regarding possible insurance coverage for the officers and directors of eleven failed savings associations nationwide whom the RTC is investigating. The RTC is investigating each savings association to determine, *inter alia,* whether the former directors and officers may be liable for losses as a result of their acts or omissions, whether insurance policies issued to the associations may provide coverage, and whether the pursuit of any such claims would represent an efficient use of RTC resources.

The respondents contest the subpoenas, arguing that the documents requested are not relevant to the RTC's investigation because the policies at issue expired before the relevant savings associations failed, and no claims or notices of occurrence were received. Therefore, they argue, there can be no insurance coverage for the relevant officers and directors under these policies. The RTC responds that these documents are essential to its investigations and that it has a right to make an independent determination of whether insurance coverage exists. The insurance companies also contest the RTC's subpoena power with respect to them.

Congress granted the RTC subpoena authority by conferring upon the RTC the powers granted to the FDIC. *See* 12 U.S.C. § 1441a(b)(4). Section 1821(d)(2)(I)(i) of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") gives the FDIC and the RTC the powers established in Section 1818(n), including the subpoena power.

The scope of judicial review in a proceeding to enforce an administrative subpoena is "strictly limited." *Federal*

*Trade Comm'n v. Texaco, Inc.*, 555 F.2d 862, 871–72 (D.C.Cir.), *cert. denied sub nom. Standard Oil Co. v. Federal Trade Comm'n*, 431 U.S. 974, 97 S.Ct. 2939, 53 L.Ed.2d 1072 (1977) (citing *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424 (1942)). An administrative subpoena for an agency investigation should be enforced if the agency shows that the investigation will be conducted for a legitimate purpose, the inquiry may be relevant to that purpose, and the information sought is not already within the agency's possession. *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964). A subpoena will not be enforced if it is issued for an improper purpose, such as to harass or pressure the subject into settling a collateral dispute, or is issued in bad faith. *Id.* at 58, 85 S.Ct. at 255. *See also Federal Trade Comm'n v. Anderson*, 631 F.2d 741, 745 (D.C.Cir.1979), citing *United States v. Morton Salt Co.*, 338 U.S. 632, 652, 70 S.Ct. 357, 368–69, 94 L.Ed. 401 (1950) (enforcement court's review limited to determining whether inquiry is within agency's authority, demand is too indefinite, and whether information sought is reasonably relevant).

■ Generally, an entity may not resist an administrative subpoena issued pursuant to an investigation because of a contention that the agency lacks jurisdiction. *Federal Trade Comm'n v. Ernstthal*, 607 F.2d 488, 490, 492 (D.C.Cir.1979) (declining to rule on the agency's jurisdiction in subpoena enforcement proceedings against a nonparty, where "the absence of jurisdiction is not patent, and there are no allegations of agency bad faith").

■ Here, the Court finds that the RTC is conducting its investigation pursuant to a legitimate purpose, namely to assess possible insurance coverage of officers and directors of various failed savings institutions. This coverage will be a factor in the determination by the RTC of whether litigation against these individuals would be a cost-effective use of RTC resources. Moreover, the information sought in the subpoenas "may be relevant" to that purpose. *See Powell* at 57–58, 85 S.Ct. at 255. While the insurance companies argue that the documents sought are not relevant because the policies at issue expired before any claims could have been made, the RTC has convinced the Court that it need not take the insurance companies' assertions at face value, but is entitled to examine the relevant documents in order to make an independent determination of whether coverage may exist. The Court is also convinced that the information sought is not already in the RTC's possession. *See id.* Nor do the insurance companies allege bad faith or improper purpose which would justify denying enforcement of the subpoenas here.

■ The insurance companies argue at length that the RTC lacks subpoena power with respect to them because they are "non-party, non-institution affiliated persons and entities". *See* Opposition at 11 (and discussion therein). The petitioner responds that pursuant to the recent amendments to 12 U.S.C. § 1821, the RTC's subpoena power can be used to determine and realize upon the asset of "any person" in the course of collecting money due a relevant savings institution. 12 U.S.C. § 1821(d)(2)(I)(i) (Supp.1991); 12 U.S.C. § 1818(n). Thus the subpoena power is not limited to parties or institution affiliated persons or entities, but extends to all those necessary to comply with this mandate.[1] The Court is persuaded by the RTC's argument regarding the breadth of its subpoena power, particularly in light of the deference that should be granted an agency in determining the scope of its jurisdiction for the purpose of issuing administrative subpoenas. *See Ernstthal*, 607 F.2d at 490–492. An obvious lack of jurisdiction here has not been shown, and the Court declines to construe the statute to find one.

Accordingly, for the reasons stated herein and for the reasons stated at the hearing, it is, by the Court, this 25th day of March, 1992,

---

1. The Court also does not believe that 12 U.S.C. § 1821(e)(12), which does not mention the subpoena power, restricts the RTC's subpoena power with respect to insurance companies.

8

ORDERED that the Resolution Trust Corporation's Petition for Summary Enforcement of Twelve Administrative Subpoenas *Duces Tecum* shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED that the respondents shall make the relevant insurance policies available to the petitioner no later than 4:00 p.m. on March 23, 1992; and it is

FURTHER ORDERED that the remaining documents shall be produced within a reasonable time. The parties shall confer to determine a reasonable time frame, the the RTC shall submit a proposed order to the Court setting forth the relevant deadlines no later than 4:00 p.m. on March 30, 1992; and it is

FURTHER ORDERED that the parties shall comply with previously ordered procedures to protect confidential and privileged information.