**RESOLUTION TRUST CORPORATION, Petitioner,**

v.

**Ralph FEFFER, Jr., et al., Respondents.**

**Misc. No. 92–210 (HHG).**

United States District Court, District of Columbia.

May 28, 1992.

**1224**

See also 793 F.Supp. 11.

Suzanne Rigby, Sr. Atty., Resolution Trust Corp., John M. Korns, Paul M. Laurenza, James E. Topinka, Pettit & Martin, Washington, D.C., for petitioner.

David L. White, Preston H. Longino, Jr., Jennings, Strouss & Salmon, Phoenix, Ariz., for respondents Feffer, Amos, Srnka and Schroeder.

William J. Maledon, Meyer Hendricks Victor Osborn & Maledon, Phoenix, Ariz., for respondent Goldman.

David L. Lansky, Paul Roshka, O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., for respondent Ragsdale.

Theresa A. Kristovich, McKenna & Fitting, Los Angeles, Cal., for respondents Edward and Gregory Janos.

## MEMORANDUM AND ORDER

HAROLD H. GREENE, District Judge.

Petitioner has filed a petition for an order enforcing administrative subpoenas *duces tecum* issued to the respondents. A show cause hearing is scheduled for June 4. Respondents have moved to transfer this proceeding to the United States District Court for the District of Arizona.[1]

■ Neither party disputes that this proceeding could be brought either in the District of Columbia or in Arizona. Respondents argue, *inter alia,* that Arizona would be the more appropriate forum because that it is the site of the failed savings and loan which is being investigated by the RTC, that is where the respondents reside, and that is where the documents which are the subject of the subpoenas are located.

■ A plaintiff's choice of forum is given deference unless transfer is necessary for the parties' convenience and would be in the interests of justice. *See In re Scott,* 709 F.2d 717, 720 (D.C.Cir.1983) (quoting Reviser's Note to 28 U.S.C. § 1404(a)). Because this is a summary proceeding with no witnesses or presentation of evidence, respondents' arguments regarding convenience and efficiency have little force. There is no compelling reason why the interests of justice would be better served by transferring this action. *See CFTC v. Harker,* 615 F.Supp. 420, 426 (D.D.C.1985); *RTC v. American Casualty Co.,* 787 F.Supp. 5 (D.D.C.1992); *RTC v. McCamish, Ingram, Martin and Brown,* Misc. No. 92–152 (D.D.C. May 21, 1992).

Accordingly, it is this 28th day of May 1992

ORDERED that respondents' motion to transfer this proceeding to the United

---

1. Respondents also requested expedited consideration of its request, which was unnecessary since the Court had sufficient time to rule on this motion in advance of the scheduled show cause hearing.

States District Court for the District of Arizona be and it is hereby denied.